ANTONIO FERNÁNDEZ MÉNDEZ, Plaintiff and Appellee, *v.* HIGINIO PASTORIZA ET AL., Defendants and Appellants.

No. 5689.   Decided November 23, 1932.

*C. Benítez* for appellants.   *Bolívar Pagán* for appellee.

MR. JUSTICE ALDREY delivered the opinion of the Court.

We have rendered a judgment in this suit affirming that of the court below because the first two grounds of the appeal can not be sustained, and because we could not pass upon the remaining ten for the reason that they are based on evidence introduced at the trial and not brought before us (43 P.R.R. ——).* Subsequent to our judgment, the clerk of this Court received the transcript of the evidence which the lower court approved for the purpose of this appeal.   The appellant then moved for a reconsideration of our judgment without any suggestion that it was erroneous, but because we should consider the undecided issues now that the clerk of the lower

---

* NOTE: See Preface of this volume.

court has sent to us the approved transcript of the evidence which he had failed to send us before together with the record of appeal. Section 233 of the Code of Civil Procedure provides that immediately after the judgment of the district court is registered, the clerk must attach and file the documents therein indicated and which shall constitute the judgment roll. According to Act No. 27 of 1917, the appellant may elect to use the stenographer's transcript of the evidence in order to bring before us the testimony taken, the evidence offered and introduced, and all the orders, acts, or declarations of the court as well as all the objections and exceptions of the attorneys and issues or matters relating thereto; and pursuant to section 299 of that Code as amended by Act No. 81 of November, 1919, as soon as a transcript of the evidence is approved by the court, it becomes part of the judgment roll, the sixth paragraph of said section providing:

"The record of an appeal shall be constituted by the certificate to be issued by the secretary of the court A QUO or by the attorneys of the parties, of the judgment roll and of the notification of the appeal, except in the case of approval of a transcript of the evidence pursuant to law. In this case the record of an appeal shall be constituted by the said original transcript and certificate of all other documents constituting the judgment roll, authorized in the manner hereinbefore provided. It shall be the duty of the appellant to deliver to the secretary the said certificate authorized by the attorneys for the parties or to solicit the same from the said secretary which officer shall transmit to the Supreme Court, without any delay, the complete record on appeal."

In conformity with the above provisions, the clerk should have sent to us the complete record but he failed to do so, as he did not include the transcript of the evidence approved by the court.

It is true that it was the duty of the clerk to send us the transcript of the evidence approved by the court together with the record on appeal, but it is also true that the appellant was bound to see to it that the clerk performed such duty.

We have so held in the case of *People* v. *Ojeda,* 41 P.R.R. 699, which is in point.

For the reasons stated, the reconsideration sought is denied.